IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RAHEEM LA'MONZE PLATER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-120-R |
| | ) | |
| GEO GROUP, Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Raheem La'Monze Plater[1] initiated this civil rights action under 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was incarcerated at the Lawton Correctional Facility. The matter was referred to United State Magistrate Judge Amanda Maxfield Green for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). Judge Green issued a Report and Recommendation [Doc. No. 10] recommending that Plaintiff's Complaint be dismissed as duplicative and improperly split from *Plater v. Topping*, Case. No. CIV-22-780-R (W.D. Okla.) ("*Plater I*"), a currently pending lawsuit involving the same parties and the same set of facts. Plaintiff filed a timely Objection [Doc. No. 11] and the Court must therefore make a de novo determination of those portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3).

---

[1] Because Plaintiff is proceeding *pro se*, the Court affords his materials a liberal construction but does not act as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff's Objection suggests that this action should be allowed to proceed because some of the claims asserted in *Plater I* were dismissed without prejudice for failure to state a claim. However, as Judge Green's Report explains, *Plater I* is still pending and the proper procedure for asserting new claims or allegations is to seek leave to amend the pleading in *Plater I* rather than file a new lawsuit against the same parties. Plaintiff's Objection further suggests that this action should be allowed to proceed because in *Plater v. Poirot*, Case No. CIV-21-899-R (W.D. Okla.), he was instructed to file a new case rather than seek leave to amend his complaint. In *Poirot*, Plaintiff attempted to amend his pleading after the case was dismissed for lack of jurisdiction and final judgment was entered. Thus, any suggestion that *Poirot* authorizes him to proceed in this action is misplaced and totally irrelevant to whether this action is duplicative of *Plater I*.

Accordingly, after conducting a de novo review, the Court ADOPTS the Report and Recommendation [Doc. No. 10] in its entirety. For the reasons stated therein, this action is DISMISSED without prejudice.

IT IS SO ORDERED this 7th day of June, 2024.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE